```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                               :
BRIAN WACHA,                                                   :
                                                               :
                              Plaintiff,                       :    06 CIV 15531 (KMK)(MDF)
                                                               :
                                                               :    REPORT AND RECOMMENDATION
             -against-                                         :
                                                               :
TOWN OF DEERPARK, N.Y., ROBERT                                 :
EMERSON, in both individual and official                       :
capacities, WELLS FARGO BANK, MN Trustee                       :
for Delta Funding, COLDWELL BANKER                             :
Currier-Lazier, GRAZIANO                                       :
CONSTRUCTION, SONNY BOY,                                       :
                                                               :
                              Defendants.                      :
---------------------------------------------------------------X
TO: THE HONORABLE KENNETH M. KARAS, U.S.D.J.
```

Plaintiff, Brian Wacha, filed this 42 U.S.C. § 1983 action in December 2006, alleging that his rights under the Fourteenth Amendment to the United States Constitution were violated by the Town of Deerpark and Robert Emerson, the Town building inspector (together, the "Town Defendants"), for maliciously and selectively prosecuting him, and by refusing to grant him permission to renovate his property located at 443 Route 209 in the Town of Deerpark, Orange County, N.Y. between May 14, 2004 and January 11, 2006. Plaintiff also asserts claims against Wells Fargo Bank, MN as Trustee for Delta Funding Corporation ("Wells Fargo"),[1] along with its purported agents, Coldwell Banker Currier & Lazier Agency, Inc. ("Coldwell Banker"), Graziano Construction, and Sonny Boy Sanitation, Inc. ("Sonny Boy"), for, *inter alia*, breaching

---

[1] In January 2000, Plaintiff borrowed funds from Delta Funding Corporation to purchase his property in Deerpark, New York. Aff. of John J. Marchese, June 11, 2007 ¶ 7.

1

Plaintiff's right to quiet enjoyment of the premises and intentionally interfering with his personal property.

Pursuant to Rule 41(b), each of the Defendants has now moved to dismiss this action based on Plaintiff's failure to prosecute (Docket Nos. 46, 49, 51, 64, 67). For the reasons that follow, I respectfully recommend that the Court grant the Defendants' motions to dismiss.

## BACKGROUND

In May 2007, this matter was referred to me for general pretrial purposes by Judge McMahon. On June 22, 2007, I held an initial conference that Plaintiff and his counsel attended. At the conference, the parties were served with my discovery practice order and the case was adjourned to August 24, 2007.

On August 24, 2007, neither Plaintiff nor his counsel appeared before me for the scheduled pretrial conference. Apparently, Plaintiff terminated his relationship with his attorney, Richard N. Lentino, prior to the conference. On August 29, 2007, Plaintiff called my chambers and stated that because he was confused by the assignment of this case to Your Honor,[2] he did not appear at the August 24, 2007 conference. Plaintiff promised, nevertheless, that he would appear before me on September 26, 2007, the adjourn date set at the August 24, 2007 conference.

However, on September 26, 2007, Plaintiff again failed to appear. The Town Defendants, Graziano Construction and Coldwell Banker responded by moving to dismiss this action based on Plaintiff's failure to prosecute. On October 26, 2007, at a hearing before me regarding these pending motions, Plaintiff appeared and was informed that because he had missed two appearances, his case could be dismissed if he failed to appear again. At this time, the pending

---

[2] On August 6, 2007, this case was reassigned from Judge McMahon to Your Honor.

motions to dismiss were denied with leave to renew on the same papers with supplementation should Plaintiff again fail to appear or prosecute his case. A discovery schedule was also set at this hearing, and the next hearing date before me was scheduled for December 21, 2007.

On December 20, 2007, at a hearing before Your Honor for oral argument on prior motions to dismiss made by Coldwell Banker, Sonny Boy and Graziano Construction, and Wells Fargo's motion to compel arbitration, Plaintiff failed to appear. As a result, on January 2, 2008, Your Honor ordered Mr. Lentino, who was still listed as Plaintiff's counsel on ECF, to show cause why he should not be ordered to pay the expense of defense counsel's reasonable costs in appearing before Your Honor on December 20, 2007. After considering Mr. Lentino's January 7, 2008 motion to be relieved of counsel, Your Honor found that it was "clear to the Court that the responsibility to appear on December 20, 2007 was Plaintiff's." Order, Jan. 9, 2008 (Docket No. 63).

Again, on December 21, 2007 – the very next day – Plaintiff failed to appear at the conference held before me. Accordingly, the motions to dismiss for failure to prosecute were reinstated and the movants were given until January 18, 2008 to supplement their papers. Plaintiff was notified that he had until February 1, 2008 to submit opposition papers, and that oral argument would also be heard before me on that day.

On January 31, 2008, Plaintiff informed the Court by fax that he would be unable to attend the hearing on February 1, 2008 because of a funeral he needed to attend. At this time, Plaintiff was notified by the Court that the motions to dismiss had been reinstated, and would be considered in light of his numerous failures to appear and prosecute his case. Plaintiff was further notified that because he was unable to attend the hearing the following day, I would take

3

the motions under advisement, without oral argument, and grant him an additional ten days – until February 10, 2008 – to submit opposition papers. Finally, Plaintiff was told that if he did not submit any opposition to the motions to dismiss, the motions would be considered by the Court based on the Defendants' papers alone.

Plaintiff did not submit any opposition to the motions to dismiss. Likewise, Plaintiff has failed to respond to discovery demands. *See* Supplemental Declaration of Adam I. Kleinberg, Dec. 24, 2007 ¶ 6; Aff. of Kevin P. Westerman, Jan. 14, 2008 ¶¶ 7-8.

## **DISCUSSION**

Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

"[A]ll litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1998).

Rule 41(b) dismissal is determined in light of the record as a whole and with consideration of the following factors: "(1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Spencer v. Doe*, 139 F.3d 107, 112-13 (2d Cir.

1998). Generally, no one factor is dispositive. *Id.*

Here, Plaintiff's delay and failure to respect the orders and procedures of this Court is substantial. Plaintiff failed to appear for at least five scheduled hearings from August 2007 through February 2008. He has also neglected to respond to discovery requests and submitted no opposition to the Defendants' motions to dismiss. These failures are the fault of Plaintiff alone. *See Kent v. Scamardella*, No. 07 Civ. 844, 2007 WL 3085438, at *2 (S.D.N.Y. Oct. 18, 2007) (evaluating the duration of plaintiff's failures depends in part on whether "the failures were those of the plaintiff") (quoting *Spencer*, 139 F.3d at 113).

Plaintiff received explicit notice of the consequences of his failure to prosecute his case. On October 26, 2007, Plaintiff was informed that because he had already missed two appearances, his case could be dismissed if he failed to appear again. Nevertheless, Plaintiff's absenteeism continued. Plaintiff was also advised that the pending motions to dismiss would be decided on the Defendants' papers alone if he did not submit any opposition. Plaintiff has submitted no opposition and does not dispute, in any other way, that he was notified of the consequences of his continued failure to prosecute this case. *See, e.g., Cole v. Edwards*, No. 04 Civ. 1936, 2005 WL 873226, at *2 (S.D.N.Y. Apr. 8, 2005) ("[S]ince [*pro se* plaintiff] has failed to respond to [the Court's] orders and the defendants' motion to dismiss, he has also failed to dispute that he was notified of the consequences of his continued failure to cooperate in discovery.") (citing *Dodson v. Runyon*, 957 F. Supp. 465, 470 (S.D.N.Y. 1997), *aff'd*, 152 F.3d 917 (2d Cir. 1998)).

With respect to prejudice, the Defendants – at a minimum – have been prejudiced by the fact that they have been forced to expend time and resources to appear before the Court on

5

numerous occasions during which neither Plaintiff nor counsel on his behalf appeared. With this passage of time also comes more difficulty in obtaining meaningful discovery. *See*, *e.g.*, *Matthews v. U.S. Shoe Corp.*, 176 F.R.D. 442, 445 (W.D.N.Y. 1997). Moreover, Plaintiff's failure to respond to discovery requests is also prejudicial to the Defendants, who are left unable to prepare a proper defense, yet burdened with the cost of motion practice and appearing for court conferences ignored by Plaintiff.

Excusing Plaintiff's repeated absenteeism in this case would trivialize the Court's calendar. "Burgeoning filings and crowded calendars have shorn courts of the luxury of tolerating procrastination. Delays have dangerous ends, and unless district judges use the clear power to impose the ultimate sanction when appropriate, exhortations of diligence are impotent." *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 668 (2d Cir. 1980). While one case may not necessarily make great impact on the Court's docket, Plaintiff's claim on this Court's time is undermined by his own failure to appear for scheduled hearings and to comply with his discovery obligations under the Federal Rules. *See Cole*, 2005 WL 873226, at *3 (citations omitted).

Taking into consideration the history of this action, I find no lesser sanction than dismissal would suffice. Despite being given numerous opportunities to appear before the Court and to respond to the Defendants' motions, Plaintiff remains unwilling to prosecute his case in a reasonable and timely manner. *See Kent*, 2007 WL 3085438, at *3.

## **CONCLUSION**

Based on the reasons set forth above, I respectfully recommend that the Defendants' motions to dismiss for failure to prosecute be granted and this case be dismissed.

**NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have ten (10) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(e), or a total of thirteen (13) working days (*see* Fed. R. Civ. P. 6(a)), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Kenneth M. Karas, at the United States Courthouse, 300 Quarropas Street, Room 533, White Plains, New York, 10601, and to the chambers of the undersigned at Room 434, 300 Quarropas Street, White Plains, New York 10601.

Failure to file timely objections to the Report and Recommendation will preclude later appellate review of any order to judgment that will be entered by Judge Karas. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Frank v. Johnson*, 968 F.2d 298 (2d Cir. 1992), *cert. denied*, 506 U.S. 1038 (1992); *Small v. Secretary of H.H.S.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); *Wesolek v. Canadair, Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988). Requests for extensions of time to file objections must be made to Judge Karas and should not be made to the undersigned.

IT IS SO ORDERED.

Dated: March 25, 2008
White Plains, New York

Respectfully submitted,

MARK D. FOX
UNITED STATES MAGISTRATE JUDGE

7

Copies of the foregoing Report and Recommendation have been sent to the following:

The Honorable Kenneth M. Karas, U.S.D.J.

Brian Wacha, *pro se*
443 Route 209
Huguenot, NY 12746

Adam I. Kleinberg
Miranda Sokoloff Sambursky Slone Verveniotis LLP
The Esposistio Building
240 Mineola Boulevard
Mineola, NY 11501

Marco Cercone
Rupp, Basse, Pfalzgraf, Cunningham & Coppolla LLC
1600 Liberty Building
Buffalo, NY 14202

Ronald E. Helhoski
Rosenstein & Helhoski, P.C.
517 East Main Street
P.O. Box 3016
Middletown, NY 10940

Patrick C. Carroll
Penino & Moynihan, LLP
180 East Post Road
White Plains, NY 10601

Kevin P. Westerman
Cerussi & Spring
One North Lexington Avenue
White Plains, NY 10601