UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



BRIAN WACHA,

                  Plaintiff,

-v-

TOWN OF DEERPARK, NY, ROBERT EMERSON,
in both individual and official capacities, WELLS
FARGO BANK, MN, Trustee for Delta Funding,
COLDWELL BANKER, CURRIER-LAZIER,
GRAZIANO CONSTRUCTION, SONNY BOY,

                  Defendants.

Case No. 06-CV-15531 (KMK)

ORDER ADOPTING
REPORT & RECOMMENDATION

KENNETH M. KARAS, District Judge:

On December 29, 2006, Plaintiff Brian Wacha ("Plaintiff"), then represented by counsel, filed this lawsuit against the Town of Deerpark, New York, Robert Emerson, Wells Fargo Bank, MN, Coldwell Banker Currier & Lazier Agency, Inc., Graziano Construction, and Sonny Boy Sanitation, Inc., (collectively, "Defendants"), asserting various federal and state law claims. Plaintiff terminated his counsel in August 2007, and has since been proceeding *pro se*. The procedural background of this case is fully set forth in the March 25, 2008 Report & Recommendation ("R&R") issued by Magistrate Judge Mark D. Fox, and the Court assumes the Parties' familiarity therewith.

All six defendants have filed motions to dismiss this case pursuant to Fed. R. Civ. P. 41(b) for Plaintiff's failure to prosecute, and Plaintiff has not opposed these motions. The case was referred to Magistrate Judge Fox for review pursuant to 28 U.S.C. § 636(b).[1] Magistrate

---

[1] The case was referred to Magistrate Judge Fox by Judge Colleen McMahon on May 16, 2007. The case was reassigned to the undersigned on August 6, 2007.

Judge Fox reviewed the matter and issued a thorough R&R, concluding that this Court should grant Defendants' motions and dismiss Plaintiff's lawsuit for failure to prosecute. Plaintiff was advised of his right to file objections to the R&R, but he did not do so.

A district court reviewing a report and recommendation "'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" *Donahue v. Global Home Loans & Fin., Inc.*, No. 05-CV-836, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007) (quoting 28 U.S.C. § 636(b)(1)(C)). Under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, parties may submit objections to a magistrate judge's report and recommendation. The objections must be "specific" and "written," and must be made "within 10 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

Where a party does not submit an objection, "'a district court need only satisfy itself that there is no clear error on the face of the record.'" *Donahue*, 2007 WL 831816, at *1 (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). In addition, a party's failure to object will waive that party's right to challenge the report and recommendation on appeal. *See Fed. Deposit Ins. Corp. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995) ("Our rule is that 'failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.'" (quoting *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989))).

Here, Plaintiff has not filed objections to the R&R. Accordingly, the Court has reviewed the R&R under the clear error standard. In so doing, the Court finds no clear error in the R&R, and therefore adopts Magistrate Judge Fox's R&R in its entirety.

The Court finds that Magistrate Judge Fox correctly considered the factors outlined by the Second Circuit in *Spencer v. Doe*, 139 F.3d 107, 112-13 (2d Cir. 1998).[2] In particular, Plaintiff has consistently failed to comply with court orders and to appear for scheduled court conferences, despite the fact that he was warned on numerous occasions that such conduct could result in dismissal of his case. Further, Defendants would be prejudiced if this lawsuit was permitted to continue in this manner, as they have already spent considerable time and expense defending an action that Plaintiff is apparently no longer interested in prosecuting. The Court also has an interest in managing its docket and removing from it cases that have been abandoned by those who filed them.

Mindful of the fact that "Rule 41(b) dismissals are a 'harsh remedy' that are 'approprate only in extreme circumstances,'" particularly when dealing with *pro se* litigants, *id.* at 112 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)), the Court is satisfied that Plaintiff has been afforded a fair opportunity to be heard and has made a knowing decision to abandon his claims. For these and the other reasons set forth in Magistrate Judge Fox's R&R, the Court – having considered lesser sanctions and finding none appropriate here – adopts Magistrate Judge Fox's recommendation that Plaintiff's case be dismissed for failure to prosecute.

---

[2] [T]he correctness of a Rule 41(b) dismissal is determined in light of the record as a whole and in consideration of the following factors: (1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Spencer*, 139 F.3d at 112-13.

Accordingly, it is hereby

ORDERED that the Report & Recommendation dated March 25, 2008, is ADOPTED in its entirety; and it is further

ORDERED that Defendants' Motions to Dismiss pursuant to Federal Rule of Civil Procedure 41(b) are GRANTED.

The Clerk of Court is respectfully directed to enter judgment in favor of Defendants, terminate all pending motions (Dkt. Nos. 31, 32, 33, 34, 46, 47, 49, 51, 55, 61, 64, and 67), and close this case.

SO ORDERED.

Dated:     May 9, 2008
           White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

Service List (By Mail):

Brian Wacha, *Pro Se*
443 Route 209
Huguenot, New York 12746

Brian S. Sokoloff, Esq.
Adam I. Kleinberg, Esq.
Miranda Sokoloff Sambursky Slone Verveniotis LLP
The Esposito Building
240 Mineola Boulevard
Mineola, New York 11501

Marco Cercone, Esq.
R. Kunstadt, P.C.
875 6th Avenue
Suite 1800
New York, New York 10001

Bryan Balogh, Esq.
Bryan Hale, Esq.
Rik Tozzi, Esq.
Starnes & Atchison, L.L.P.
100 Brookwood Place
7th Floor
Birmingham, Alabama 35209

Ronald E. Helhoski, Esq.
Rosenstein & Helhoski, P.C.
P.O. Box 3016
Middletown, New York 10940

Patrick C. Carroll, Esq.
Penino & Moynihan, LLP
180 East Post Road
White Plains, New York 10601

Kevin P. Westerman, Esq.
Cerussi & Spring
One North Lexington Avenue
White Plains, New York 10601

Copy to:
The Honorable Mark D. Fox
United States Magistrate Judge